UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FARRON ZENO                                CIVIL ACTION


VERSUS                                     NO: 07-5613


SAFECO GENERAL INSURANCE                   SECTION: R(3)
COMPANY OF AMERICA



MARJORIE GOUGH                             CIVIL ACTION


VERSUS                                     NO: 07-6887


STATE FARM FIRE AND CASUALTY               SECTION: R(5)
COMPANY



HOP TRAN AND THUY NGUYEN                   CIVIL ACTION


VERSUS                                     NO: 07-8205


MARKEL INTERNATIONAL                       SECTION: R(4)
INSURANCE COMPANY LIMITED

**This Order applies to Case Nos. 07-5613; 07-6887; and 07-8205.**

**ORDER AND REASONS**

Before the Court are plaintiffs' motions to remand the three above-captioned cases. In each of these cases, Louisiana plaintiffs have sued their foreign insurers to recover for property damage resulting from Hurricane Katrina. The plaintiffs in each case move to remand to state court on the ground that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not met. The Court rules on these motions together because they involve the same essential legal question. It discusses each motion in turn. For the following reasons, the Court GRANTS plaintiffs' motions to remand in each of these cases.

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno*

2

*v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. When, as here, plaintiffs have alleged an indeterminate amount of damages,

3

the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

## II.  DISCUSSION

### A.    07-5613: *Zeno v. Safeco Gen. Ins. Co. of Am.*

On July 20, 2007, plaintiff Farron Zeno sued his homeowner's insurer, General Insurance Company of America (incorrectly named as "Safeco General Insurance Company of America"), in state

4

court. Plaintiff seeks damages for property damage to his home, defendant's breach of contract, and damages and penalties pursuant to La. Rev. Stat. §§ 22:1220 and 22:658. Although plaintiff does not allege that the hurricane rendered his property a total loss, he included a claim under Louisiana's Valued Policy law, La. Rev. Stat. § 22:695. On September 14, 2007, General removed the case, contending that the amount in controversy exceeds $75,000 and that jurisdiction exists in federal court pursuant to 28 U.S.C. § 1332(a).[1]

As of the date of removal, plaintiff's state court petition did not allege a specific amount of damages. Plaintiff claimed that the wind damage to his property included damage to the roof, several windows, and that wind-driven rain saturated the insulation, drywall, and paint finishes of the interior of the dwelling. (*See* Pl.'s Compl. at ¶ 7, R. Doc. 1-3 at 5). Plaintiff alleged that his property was "substantially damaged" and that defendant is liable for failure to pay the face value of the policy, but did not estimate the cost of necessary repairs or indicate the value of his insurance policy. (*See id.* at ¶ 9, R. Doc. 1-3 at 5). In its notice of removal, General asserted that

---

[1] General has also filed a motion to dismiss in this case. The Court's decision that remand is proper renders that motion moot.

the amount in controversy requirement was met because plaintiff
is seeking damages for coverages under his insurance policy in
excess of $75,000. (*See* Def.'s Notice of Removal at ¶ 7, R. Doc.
1 at 3). Defendant thus rested its removal petition on its
assertion that the face value of the underlying policy exceeds
$75,000, but has provided the Court with no evidence to that
effect. Defendant asserts in its opposition that plaintiff's
homeowner's policy limit is $49,432. (R. Doc. 30 at 3). But
defendant has submitted no proof of plaintiff's policy limits. It
has not provided an affidavit to this effect. And although it
submitted a document that it claims to be plaintiff's policy
along with its motion to dismiss, that document does not list
plaintiff's address as the insured property, and it does not
contain the policy limit that defendant claims. (*See* R. Doc. 4-
3).

   In his petition, plaintiff also seeks attorney's fees and
penalties under La. Rev. Stat. §§ 22:1220 and 22:658. Louisiana
law allows recovery for attorney's fees and penalties when an
insurer has been arbitrary or capricious in denying a claim.
Under these circumstances, the Court is to consider claims for
these items when it assesses the amount in controversy. *See,
e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).
Under section 22:1220, an insurer that fails to pay a claim upon

6

satisfactory proof of loss is subject to "penalties in an amount
not to exceed two times the damages sustained or five thousand
dollars, whichever is greater," if its failure was arbitrary and
capricious. La. Rev. Stat. § 22:1220. However, a plaintiff must
show proof of actual damages arising from the breach to recover
any more than $5,000. *See Hannover Corp. of America v. State Farm*
*Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Plaintiff
here does not allege in his petition an amount of damages, if
any, that he sustained as a result of General's breach, but
includes general allegations that he has suffered damages,
including pain and suffering, loss of use, loss of enjoyment, and
embarrassment. (Pl.'s Compl. ¶ 29). Under § 22:658, the insurer
is subject to a penalty, "*in addition to the amount of the loss*"
of twenty-five percent of the amount due under the policy, or
$1,000, whichever is greater, whenever it arbitrarily,
capriciously, or without probable cause fails to pay within 30
days of satisfactory proof of loss. La. Rev. Stat. § 22:658
(emphasis added).

Based on the facts alleged in plaintiff's petition, the
Court finds that it is not facially apparent that the amount in
controversy is greater than $75,000. General has not submitted
any evidence indicating that the plaintiff's claims are for more
than $75,000. With no evidence as to the extent of the damage to

7

plaintiff's property, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**B.    07-6887: *Gough v. State Farm Fire and Cas. Co.***

On August 28, 2007, plaintiff Marjorie Gough sued her homeowner's insurer, State Farm Fire and Casualty Company, in state court. Gough seeks damages for property damage to her home, defendant's breach of contract, and damages and penalties pursuant to La. Rev. Stat. §§ 22:1220 and 22:658. Gough also alleges that the hurricane rendered her property a total loss, and she asserts a claim under Louisiana's Valued Policy law, La. Rev. Stat. § 22:695. Yet Gough also stipulates in her petition that she will not accept a judgment in excess of $75,000, nor amend her petition after one year to plead damages in excess of $75,000, nor authorize any successors to do so. (*See* Pl.s' Cmplt. at ¶¶ 23-26, R. Doc. 12-2 at 4.) On October 16, 2007, State Farm removed the case, contending that the amount in controversy exceeds $75,000 because plaintiff's policy limits exceed $75,000. Citing this Court's ruling in *Davis v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-0560, 2006 WL 1581272, at *3 (E.D. La. June 7, 2006), State Farm argues that plaintiff's stipulation is unenforceable because plaintiff "fails to offer a binding stipulation that she will not seek to enforce any Judgment that

8

may be awarded in excess of $75,000." (Def.'s Notice of Removal at ¶7, R. Doc. 1 at 3-4).

State Farm has not carried its burden of demonstrating that the amount in controversy exceeds $75,000. When State Farm removed this case, plaintiff's complaint did not specify a minimum amount of damages that she sought to recover. She did, however, explicitly state that the total value in controversy does not exceed $75,000, that neither she nor her counsel "will accept an amount that exceeds $75,000, exclusive of interests and costs," that her recovery "is limited to amount less than $75,000, exclusive of interests and costs," and that she would not amend her petition in the future to seek damages greater than $75,000. (Pl.s' Cmplt. at ¶¶ 21, 23, 24, 25, 26, R. Doc. 12-2 at 4). State Farm argues that these stipulations in plaintiff's complaint are insufficient to establish to a legal certainty that the amount in controversy is less than $75,000 because plaintiff has not affirmatively renounced her right to recover more than $75,000. State Farm is incorrect. Plaintiff has explicitly stated that her damages, including attorney's fees, do not exceed $75,000, that neither she nor her counsel will accept an amount that exceeds $75,000, and that she will not allow her complaint to be amended to recover additional damages. Plaintiff's complaint bear the signature of counsel. That plaintiff did not

9

use the exact phrasing that she "renounces her right to recover" in excess of $75,000 is inconsequential because her combined statements amount to such an affirmative renunciation. This is not a situation where a plaintiff states only that her damages do not exceed $75,000 but does not address whether she would accept more than $75,000. *See Manguno*, 276 F.3d at 724-25. These statements amount to judicial confessions and are binding stipulations on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.* No. Civ. A. 04-2971, at *4-5 (E.D. La. Dec. 23, 2004). *See also Lilly v. Allstate Ins. Co.*, Civ. A. No. 07-8087, at *1 (E.D. La. Nov. 30, 2007). Therefore, they satisfy the principle that "plaintiffs will have to show that they are bound by their state pleadings." *De Aguilar*, 47 F.3d at 1412. Further, if plaintiff ever sought to amend her complaint to recover additional damages, giving State Farm cause to remove this case a second time, then State Farm can seek equitable estoppel of the removal statute's one-year limitation based on the specific facts surrounding that removal. *See Lilly*, 2007 WL 4255616, at *1.

Moreover, State Farm has failed to show that plaintiff's claims could exceed $75,000 under her policy. State Farm contends that the jurisdictional amount requirement is satisfied because plaintiff claims a total loss on her insured property and that her policy limits exceed $100,000. Yet State Farm has not

10

submitted any proof of plaintiff's policy limits, either in the form of an affidavit or a copy of plaintiff's insurance policy itself. In light of plaintiff's clear stipulation as to the amount of her damages and State Farm's failure to demonstrate that the amount in controversy is greater than $75,000, State Farm has failed to carry its burden of showing that removal is appropriate.

Plaintiff also seeks to recover attorney's fees associated with her motion to remand. Under 28 U.S.C. § 1447(c), when a court issues a remand order, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court may exercise its discretion to award attorney's fees in the remand context, "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Here, it is not obvious that State Farm lacked an objectively reasonable basis to remove this case. Although plaintiff explicitly states that the amount in controversy is less than $75,000, and that she will not accept more than $75,000, plaintiff claimed that her property was a total loss, claimed the value of her policy, and did not verify

11

her complaint or file a separate affidavit that she would not seek to amend her complaint or affirmatively renounce any right to enforce a judgment greater than $75,000. Thus, defendant's attempt to remove was not legally improper. *See Gasquet v. Lexington Ins. Co.*, Civ. A. No. 06-5931, 2006 WL 3497777 (E.D. La. Nov. 30, 2006). Accordingly, plaintiff is not entitled to attorney's fees.

### C.   07-8205: *Tran, et al. v. Markel Int'l Ins. Co.*

On August 29, 2007, plaintiffs sued their property insurer, defendant Markel International Insurance Company, in state court. Like the plaintiffs in the other two cases before the Court, the *Tran* plaintiffs seek to recover for damages to their property, defendant's breach of contract, and damages and penalties pursuant to La. Rev. Stat. §§ 22:1220 and 22:658. Plaintiffs also allege that the hurricane rendered their property a total loss, and have included a claim under Louisiana's Valued Policy law, La. Rev. Stat. § 22:695. On November 7, 2007, Markel removed this case to federal court. According to Markel's notice of removal, "[t]he amount in controversy is presumed to be in excess of $75,000," and therefore jurisdiction exists in federal court pursuant to 28 U.S.C. § 1332(a). (*See* Def.'s Notice of Removal at ¶¶ 4,5, R. Doc. 1 at 2.)

As of the date of removal, plaintiffs' state court petition

did not allege a specific amount of damages. Plaintiffs claimed that hurricane winds, rain, and flooding damaged their property, and that the hurricane rendered their property a total loss. (*See* Pls.' Cmplt. at ¶¶ 5, 6, 33; R. Doc. 1-2 at 2, 6). Nowhere in their complaint did plaintiffs specify a minimum amount of damages. Along with their motion to remand, plaintiffs also filed a post-removal stipulation that the amount in controversy is less than $75,000 and that they will not accept a judgment in excess of $75,000. (*See* Pl.'s Post-Removal Stipulation, R. Doc. 5-3.) In its notice of removal, Markel asserted without explanation that the amount in controversy exceeds $75,000. (*See* Notice of Removal at ¶ 4, R. Doc. 1 at 2.) In its opposition brief, Markel argues that the policy limit on plaintiffs' insured property was $350,000 and that because plaintiffs allege a total loss and seek to recover these limits, that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is met. Markel, however, has submitted no proof of plaintiffs' policy limits. It has not provided an affidavit to this effect, and it has not submitted plaintiffs' insurance policy. Markel also urges that plaintiffs' post-removal stipulation is insufficient to establish that the amount in controversy is less than $75,000.

Based on the facts alleged in plaintiffs' petition, the Court finds that it is not facially apparent that the amount in

controversy is greater than $75,000. Markel has not submitted any evidence indicating that the plaintiffs' claims are for more than $75,000. With no evidence as to the extent of the damage to plaintiff's property, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Moreover, plaintiffs' post-removal stipulation clarifies any residual ambiguity about the amount in controversy in this case. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Association de Pescadores v. Dow Quinica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. Here, plaintiffs' complaint does not specify the amount in controversy. Nor can plaintiffs' damages be readily ascertained from the complaint. Plaintiffs affirmatively waive

14

their right to collect damages in excess of $75,000 in their post-removal stipulation. Therefore, their stipulation is sufficient to show that the amount in controversy is less than $75,000. Accordingly, the requirements for federal jurisdiction under 28 U.S.C. § 1332(a) are not met in this case.


**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motions to remand.


New Orleans, Louisiana, this 30th day of January 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE